UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKIE SHEPERD,

    Petitioner,

                                        Case No. 15-cv-14322

v.

                                        HON. MARK A. GOLDSMITH

BONITA HOFFNER,

    Respondent.

_____/

## OPINION AND ORDER
## DISMISSING CASE WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jackie Sheperd, confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(2) (Dkt. 1). The matter has been docketed as a habeas corpus petition. The Court will dismiss the case without prejudice because Petitioner may not commence a habeas action by filing a motion. See Fed. R. Civ. P. 3; Rules 2(c)-(d), Rules Governing Section 2254 Cases in the United States District Courts.

## II.  ANALYSIS

### A.  Petitioner's Motion

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

1

Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." The Supreme Court has held that, "[t]he logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief — the equivalent of a complaint in an ordinary civil case. Woodford v. Garceau, 538 U.S. 202, 208 (2003). Petitioner's motion fails to comply with this requirement.

Moreover, Petitioner invokes Federal Rule of Civil Procedure 60(b)(2), misidentified in the motion as "rule "60(2)b," see Pet'r Mot. at 1 (cm/ecf page), as the source of his alleged right to relief. However, Rule 60(b)(2) has no application for a prisoner complaining of legal errors arising in his state-court proceedings for federal habeas review. As such, Petitioner fails to properly invoke federal habeas relief in this matter. Therefore, the Court dismisses Petitioner's case without prejudice.

**B.  Certificate of Appealability and Leave to Proceed In Forma Pauperis**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the motion should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

The standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. The Court finds that an appeal could not be taken in good faith and Petitioner may not proceed in forma pauperis on appeal. Id.

## II.  CONCLUSION

For the reasons set forth above, the Court dismisses the case without prejudice (Dkt. 1), declines to issue a certificate of appealability, and denies leave to appeal in forma pauperis.

SO ORDERED.

Dated:  January 26, 2016            s/Mark A. Goldsmith
         Detroit, Michigan          MARK A. GOLDSMITH
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2016.

                                    s/Karri Sandusky
                                    Case Manager